IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTHONY LUTES,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. CIV-09-212-RAW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Anthony Lutes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 28, 1967 and was 41 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a construction worker, warehouse worker, and hardware assembler. Claimant alleges an inability to work beginning February 1, 1996

3

due to knee surgery, degenerative disk disease, bipolar disorder, anti-social personality disorder, migraine headaches, concentration problems, and pain.

### Procedural History

On June 27, 2006, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 1, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On January 28, 2009, the ALJ issued an unfavorable decision on Claimant's application. On April 21, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments and could not perform his past relevant work, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to engage

in a proper RFC assessment in considering both additional physical limitations and mental limitations.

### RFC Evaluation

Claimant first asserts the ALJ failed to consider limitations relating to his left arm and right dominant hand. In his decision, the ALJ found Claimant suffered from the severe impairments of status post knee surgery x 2, degenerative disk disease, bipolar disorder, and anti-social personality disorder. (Tr. 11). As far a physical limitations considered for the RFC assessment, the ALJ found Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for at least 6 hours in an 8 hour workday, sit for at least 6 hours in an 8 hour workday, avoid working above shoulder level, work in an air conditioned environment, and simple repetitive tasks with incidental contact with the public. This qualified Claimant for light work under the guidelines. (Tr. 12).

Claimant underwent a consultative physical examination by Dr. Jimmie Taylor on September 21, 2006. Dr. Taylor found Claimant to have decreased range of motion in the right shoulder. (Tr. 201). He determined Claimant could effectively oppose the thumb to the finger tips on the left hand and rated his ability to do so with his right hand to be "fair." Dr. Taylor also determined Claimant

5

could manipulate small objects in the same manner - left hand, yes - right hand, "fair." No other restrictions on Claimant's left arm and right hand are noted. (Tr. 206). Additionally, Claimant testified as to daily activities such as playing video games, washing dishes and performing mechanical work which would contraindicate a finding of further restrictions related to his hand and arm. (Tr. 143, 145, 370, 372, 385).

This Court cannot conclude the ALJ's RFC restrictions failed to adequately detail Claimant's physical restrictions. The findings in his decision are supported by substantial evidence from the medical record and will no error is found warranting reversal.

Claimant next contends the ALJ should have included further mental limitations in his RFC evaluation. On October 9, 2006, Dr. Sally Varghese evaluated Claimant's condition She found Claimant can perform simple tasks with routine supervision, can relate to supervisors and peers on a superficial work basis, and can adapt to a work situation. (Tr. 210).

Additionally, Dr. Diane Brandmiller performed a consultative mental health evaluation of Claimant on September 11, 2006. She found Claimant exhibited limitations on his ability to concentrate on short tasks presented during the evaluation. Claimant displayed impaired abstract thinking and mixed performance in short term

memory tasks. Long term memory appeared intact. Claimant was found to be likely to be able to understand and carry out simple instructions. He may need assistance in understanding and carrying out complex instructions. He prefers to avoid social interactions and he has a history of aggressive behaviors. (Tr. 195-98). Dr. Brandmiller estimated Claimant's GAF at 40. (Tr. 198).

This Court finds no error in the extent of mental health limitations imposed by the ALJ in his RFC evaluation. The medical evidence does not support additional restrictions in Claimant's RFC. Moreover, the failure to consider Claimant's GAF is not erroneous. A low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that

the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF between 31 and 40 indicates "[s]ome impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). A GAF score may be of considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." Holcomb v. Astrue, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). Reversal on the failure to discuss Claimant's GAF score is not warranted.

## Conclusion

The decision of the Commissioner is supported by substantial

8

evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE